LEO BELFORD, INDIVIDUALLY AND TRADING AS JERSEY COAST PRODUCE CO., RESPONDENT, v. RUTH BARK-LEY, INDIVIDUALLY AND TRADING AS DELICIOUS ORCHARDS, APPELLANT.

Submitted May 4, 1948—Decided June 1, 1948.

Before Justices BODINE, HEHER and WACHENFELD.

For the appellant, *Parsons, Labrecque, Canzona & Combs* (*Robert H. Maida*).

For the respondent, *Irving E. Keilh.*

The opinion of the court was delivered by

BODINE, J. The suit was for the difference between the contract price and the market price of apples which the plaintiff contended the defendant had agreed to sell him. The contract called for the delivery of 500 boxes of 2½ U. S. in. No. 1 Stayman apples. It was in writing signed by Charles Leonard.

The appellant claims that Leonard was without authority. He was in charge of the warehouse. He signed the written

memorandum of sale and delivered 50 boxes of the apples to the plaintiff's truckman and received a check in payment therefor. This check was used by the defendant. Subsequently, there was a delivery of a second lot of apples and a second check given in payment therefor was used by the defendant. She then claimed that since the price of apples had gone up—and this is not denied—that she would not honor the delivery of further quantities of apples. This required the plaintiff to seek apples in the open market.

We think the trial judge, from the facts mentioned, was entirely justified in refusing to nonsuit or direct a verdict in favor of the defendant. We think his finding that the contract of sale was made by one held out as an agent was well within the rules laid down in this court. *Jacob Ruppert* v. *Jernstedt & Co.*, 116 *N. J. L.* 214; *J. Wiss & Sons Co.* v. *H. G. Vogel Co.*, 86 *Id.* 618.

The damages assessed are well within the proofs. The trial judge could well find from the proofs that the difference between the market and contract price was as fixed.

The judgment is affirmed, with costs.